UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Margie Wesel, *on behalf of herself and all others similarly situated*,

    Plaintiff,

v.

Certus Healthcare Management, LLC,

    Defendant.

Case No. 2:23-cv-1479

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Margie Wesel ("Plaintiff") sues Certus Healthcare Management, LLC ("Defendant") under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Plaintiff moves for approval of Court-facilitated notice to potential opt-in plaintiffs. ECF No. 53. For the following reasons, the motion is **GRANTED IN PART**.

### I.    FACTS

Defendant operates at least twenty senior care facilities in Ohio and employs hundreds of care workers at these facilities. Compl. ¶¶ 15–16, ECF No. 1. During the relevant times, Plaintiff worked for Defendant as a direct care worker, specifically a nursing assistant. *Id.* ¶ 2.

Plaintiff alleges that Defendant failed to properly pay overtime wages to her and other direct care workers because, among other reasons: (1) Defendant automatically deducted a thirty-minute unpaid meal break each day, but

employees could not actually take a thirty-minute break; and (2) Defendant did not count certain bonuses in employee's regular pay rate and, as a result, did not properly calculate the overtime rate. *Id.* ¶¶ 3–11.

Plaintiff now asks the Court to approve notice to the following group of people:

> All current and former hourly, non-exempt direct care employees of Defendant who were paid for at least forty (40) hours in any workweek and either were not compensated for a meal break or received one or more forms of additional remuneration beginning May 1, 2020 and continuing through the final disposition of this case.

Mot. 1, ECF No. 53.

## II. STANDARD OF REVIEW

The Sixth Circuit recently clarified the standard for court-facilitated notice in an FLSA case:

> for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a "strong likelihood" that those employees are similarly situated to the plaintiffs themselves. . . . That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance. The strong-likelihood standard is familiar to the district courts; it would confine the issuance of court-approved notice, to the extent practicable, to employees who are in fact similarly situated; and it would strike the same balance that courts have long struck in analogous circumstances.

*Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) (citation omitted).

To determine whether the putative opt-ins are similarly situated to Plaintiff, the Court considers: "(1) the factual and employment settings of the individual

plaintiffs; (2) the different defenses to which the plaintiffs may be subject; and (3) the degree of fairness and procedural impact of" proceeding collectively based on representative evidence. *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 745 (6th Cir. 2019) (cleaned up). Importantly, the putative plaintiffs need not be "identically situated" to Plaintiff to be similarly situated. *Monroe v. FTS USA LLC*, 860 F.3d 389, 402 (6th Cir. 2017) (internal quotation marks and citation omitted). The FLSA standard for similarly situatedness is less stringent than Rule 23(b)(3)'s standard, which requires common issues to predominate over individual issues. *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 584–85 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Monroe*, 860 F.3d at 402.

### III. ANALYSIS

Plaintiff moves for court-facilitated notice. Plaintiff alleges that Defendant routinely failed to properly pay overtime to her and other direct care workers by: (1) automatically deducting a thirty-minute unpaid meal break each day, which employees could not actually take ("meal break practice"); (2) excluding certain bonuses from employee's regular pay rate and, as a result, improperly calculating the overtime rate ("bonus practice").

Defendant argues that court-facilitated notice is unwarranted because it did not employ Plaintiff or the potential opt-ins and because Plaintiff has not demonstrated that she and the potential opt-ins were subject to an unlawful policy or practice.

Upon review, the Court finds that Plaintiff has carried her burden of showing a "strong likelihood" that she and the potential opt-ins are similarly situated. *Clark*, 68 F.4th at 1011 (6th Cir. 2023) (citation omitted). In support of her claims, Plaintiff offers her own declaration stating facts which support that she was underpaid for overtime hours worked because of the meal break and bonus practices. *See generally*, Wesel Decl., ECF No. 53-1. Plaintiff also submitted sworn declarations from other direct care workers who worked at several of Defendant's facilities. These additional declarations support that the declarants were not properly paid overtime because of the meal break practice, the bonus practice, or both, and that both practices were company-wide policies or practices. *See generally*, Benson Decl., ECF No. 53-2; Brown Decl., ECF No. 53-3; Morgan Decl., ECF No. 53-4; O'Neill Decl., ECF No. 53-5; Ler Decl., ECF No. 53-6; Pope Decl., ECF No. 53-7; Croo Decl., ECF No. 53-8; Winegardner Decl., ECF No. 53-9; Webb Decl., ECF NO. 53-10; Noe Decl., ECF No. 53-11; Swigert Decl., ECF No. 53-12; Weed Decl., ECF No. 53-13; Parrill Decl., ECF No. 53-14; Efts Decl., ECF No. 53-15; Street Decl., ECF No. 53-16; Oung Decl., ECF No. 53-17.

These allegations and declarations show a strong likelihood that Plaintiff and the potential opt-ins are similarly situated. Plaintiff's and the declarants' statements show that there was significant overlap in their factual and employment settings, that Defendant would be unlikely to have significantly different defenses against different plaintiffs, and that proceeding collectively will

be efficient and fair for the parties and the Court. *Pierce*, 922 F.3d at 745 (citation omitted). Thus, the Court concludes that Plaintiff has met the standard for court-facilitated notice.

Defendant disagrees, arguing that it did not employ Plaintiff and the potential opt-ins and, alternatively, that its pay practices are lawful. These arguments fail to persuade because they focus on Plaintiff's likelihood of success on the *merits*, not her likelihood of showing the potential opt-ins are *similarly situated*. See *Clark*, 68 F.4th at 1011 ("[T]he plaintiffs must show a "strong likelihood" that those employees *are similarly situated* to the plaintiffs themselves" (emphasis added; citation omitted)). At bottom, Defendant's arguments are better addressed through a dispositive motion, not at the notice stage.

Defendant makes only one argument that, at first glance, goes to whether Plaintiff and the potential opt-ins are similarly situated. Defendant argues that Plaintiff is not similarly situated to meal-break-practices potential plaintiffs because, on at least a few occasions, Plaintiff submitted a "time edit form" (the "Form") requesting payment for work she performed during a meal break. According to Defendant, because Plaintiff submitted the Form she lacks a viable meal-break-practices claims and, thus, is not similarly situated to employees who did not submit the Form.

This argument falls flat. At its core, this is again a merits argument because its success turns on the merits of Plaintiff's "meal break practices" claim.

As far as it goes, Defendant is correct that an employer generally may automatically deduct meal breaks if the employer has a way for employees to request payment for any time spent working during that break. See *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012) ("Under the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process."). As Defendant would apply that rule here, because Plaintiff could submit a Form to request payment for the time she worked during meal breaks, Plaintiff does not have a viable claim. Yet there are exceptions to that general rule. *Id.* As one example, if an employer knows that employees regularly work through meal breaks yet still automatically deducts those breaks, that conduct could be an FLSA violation. See *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 390 (6th Cir. 2016) (citing *White*, 699 F.3d at 876). Based on Plaintiff's allegations and declaration, this exception may apply here. In sum, Defendant's argument requires the Court to weigh competing merits arguments, which is inappropriate at this stage. *Cf. Isaacs v. Landmark Recovery of Louisville, LLC*, No. 3:23-CV-00210, 2023 WL 6096730, at *13 (M.D. Tenn. Sept. 18, 2023) (explaining that the "[*Clark*] standard, notably, does not apply (at this juncture) to the merits of the plaintiff's claim, but only to the 'similarly situated' requirement.").

Next, the Court considers Plaintiff's proposed notice form and procedure. Although the Court agrees with Plaintiff that *some* form of notice is warranted, the

Court has concerns about *this* notice form and procedure. For example, the parties disagree about the meaning of "direct care worker," which suggests that recipients of the notice may not understand its meaning. In addition, Defendant argues that the proposed notice does not adequately inform potential opt-in plaintiffs of possible consequences of participating in this litigation.

All that said, Plaintiff's proposal is a good starting point. The parties are **ORDERED** to confer and submit **WITHIN FOURTEEN DAYS** a *joint* proposed definition, notice, and distribution plan. If the parties cannot agree on any aspect of the same, they may submit a brief position statement, not to exceed five pages total for all points of disagreement. The parties are **DIRECTED** to carefully consider *Murphy v. Kettering Adventist Healthcare*, No. 3:23-CV-69, 2023 WL 6536893 (S.D. Ohio Oct. 5, 2023) in their discussion and, if they submit a position statement, are **CAUTIONED** to avoid making the same arguments already addressed in *Murphy*.

## IV. CONCLUSION

For these reasons, the Court **GRANTS IN PART** Plaintiff's motion for court-facilitated notice. The parties are **ORDERED** to confer and submit **WITHIN FOURTEEN DAYS** a joint proposed definition, notice, and distribution plan.

The Clerk shall terminate ECF No. 53.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**