UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Margie Wesel**, *on behalf of herself and all others similarly situated*,

    **Plaintiff,**

v.

**Certus Healthcare Management, LLC,**

    **Defendant.**

Case No. 2:23-cv-1479

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

The parties move for approval of the collective notice and notice procedure. ECF No. 61. Although the parties agree on many issues, they disagree on others. The Court resolves the disputed issues as follows.

**1. The Notice**

The parties shall use the notice attached to this Opinion and Order as Exhibit A[1] (the "Notice"). The parties will see that the Notice is a hybrid of Plaintiff's and Defendant's proposals.

For many of the parties' disagreements, there is very little difference between the two versions. Where one party's version was clearer or easier to read, the Court choose whichever option was clearer. Otherwise, the Court

---

[1] The Court shall also provide the parties with a Word version of the Notice.

chose the version that most closely aligned with language the Court has previously approved as acceptable.

A few disagreements warrant discussion. First, the Notice shall use a three-year lookback period. If the Court ultimately determines that Defendant did not act willfully, Defendant may move to exclude any claims that fall within the third year. *See Polen v. JSW Steel USA Ohio, Inc.*, No. 2:22-CV-00085, 2023 WL 6860399, at *8 (S.D. Ohio Oct. 18, 2023) ("But because it is inappropriate to decide at [the notice] stage whether Defendant 'willfully' violated the FLSA such that the three-year statute of limitations applies . . . it is appropriate for the notice form to state the earliest date at which equitable tolling would be considered." (cleaned up)).

Next, "Direct Care Employees" will be defined by certain job titles. *See Murphy v. Kettering Adventist Healthcare*, No. 3:23-CV-69, 2023 WL 6536893, at *8 (S.D. Ohio Oct. 5, 2023), *reconsideration denied*, No. 3:23-CV-69, 2023 WL 7515517 (S.D. Ohio Nov. 14, 2023) (deciding that the plaintiff could "continue to use the term 'healthcare employee' as a shorthand, but she must make clear in her notice that this term only applies to the discrete job titles listed above"). However, the Court added the job titles "Resident Assistant," "Nurse's Aide," and "Medical Technician" to the definition. *See* ECF No. 53-8 ECF No. 53-11; ECF No. 53-12; ECF No. 53-17 (declarations from a resident assistant, a medical technician, and two nurse's aides in support of collective treatment).

Some of Defendant's proposals go to the merits dispute of whether Defendant employed Plaintiff, which is inappropriate at this stage. *See Lawrence v. Maxim Healthcare Servs., Inc.*, No. 1:12CV2600, 2013 WL 5566668, at *3 (N.D. Ohio Oct. 9, 2013) ("[I]t is inappropriate for the Court at the notice stage to resolve factual disputes or determine the merits of the claims or defenses."). The Court has rejected those proposals.

Next, including examples of "additional compensation" is appropriate. As Plaintiff argues, "additional compensation" is a broad term and adding a few examples will clarify the term to recipients. Further, many of Defendant's arguments against these examples again go to the merits. The Court retained the examples.

Finally, some language about costs should be included. As this Court has previously held, although Plaintiff's worries about "the chilling affects such language may have" are understandable, "it is equally important that potential opt-in plaintiffs are fully apprised of all the consequences of joining the action so that they may make an informed decision." *Murphy*, 2023 WL 6536893, at *9. Thus, a statement about costs will be included, although the Court agrees that such a statement should clarify that attorney's fees are not included in "costs."

## 2. The Notice Procedure

The parties shall use the following procedure for disseminating the Notice. The notice period will be 90 days. Plaintiff may send the Notice by email and U.S. mail only. For the email notice, Plaintiff shall use the brief message on the bottom of page 3 of Exhibit A and shall also attach a PDF of the full notice to every email. If email and U.S. mail prove ineffective for particular recipients, Plaintiff may seek leave to send notice via text message. *See Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-CV-4389, 2023 WL 5352509, at *6 (S.D. Ohio Aug. 21, 2023), *reconsideration denied*, No. 2:22-CV-4389, 2023 WL 6845198 (S.D. Ohio Oct. 17, 2023) ("[The plaintiff] may send the Notice by text message if and only if she can show that delivery by U.S. mail and e-mail is insufficient as to any given potential opt-in plaintiff." (quotation marks and citation omitted)).

## 3. Conclusion

In sum, the parties shall use the notice attached to this Opinion and Order in Exhibit A and shall follow the notice procedure outlined above.

In addition, Defendant shall, **within fourteen days**, provide an electronic spreadsheet (the "Spreadsheet"), in Microsoft Excel or comma-delimited format, of a roster of all individuals that fit the collective definition. The Spreadsheet shall include includes the individuals' full names, dates of employment, rate(s) of pay, locations worked, job titles, last known mailing addresses, personal email addresses, and cellular phone numbers.

Plaintiff shall send out the Notice **within fourteen days** of receipt of the Spreadsheet.

The Clerk shall terminate ECF No. 61.

**IT IS SO ORDERED.**

                                             *[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

# NOTICE OF OPPORTUNITY TO JOIN A COLLECTIVE ACTION LAWSUIT

### A Federal Court authorized this Notice. It is not a Solicitation from a Lawyer.

Wesel v. Certus Healthcare Management, LLC
Case No. 2:23-cv-1479
United States District Court for the Southern District of Ohio

To: Hourly direct care employees (defined below[1]) who: (1) worked at Certus Healthcare Management, LLC, (2) worked 40 hours in one or more workweeks, and (3) during one or more of the weeks in which they worked 40 hours, had a meal break deduction and/or received a bonus/shift premium at any time from May 1, 2020, to the present.

## I. INTRODUCTION

This Notice is to inform you about a collective action lawsuit which you may join, to advise you of how your rights may be affected by this lawsuit, to inform you how to participate, and to explain your obligations if you choose to participate.

**Note: Even though you received this notice, the time limit for you to bring your wage claim continues to run until you either join this lawsuit (by submitting the attached Consent to Join form and having it filed on the docket) or file your own lawsuit. As explained in greater detail below, if you decide you want to take part in the case, prompt action is required to preserve as much of your potential claims as possible.**

## II. WHAT IS THIS CASE ABOUT?

The Plaintiff, Margie Wesel, alleges that Certus Healthcare Management, LLC ("Defendant") violated wage laws in the following ways:

- o Defendant automatically deducted 30 minutes per day for meal periods, even though the employees did not actually get a meal break because they were interrupted by job duties.

- o Defendant miscalculated employees' overtime rates by not properly accounting for additional compensation like "pick up" bonuses for picking up shifts, Weekend Warrior bonuses, and/or shift premiums for working certain shifts. The miscalculation resulted in Defendant underpaying overtime wages.

Since the lawsuit was filed, forty-six (46) additional direct care employees from various Certus Healthcare facilities have joined this lawsuit ("Opt-In Plaintiffs").

If you join the lawsuit, you will be an "Opt-In Plaintiff" and may be eligible to pursue the recovery of unpaid overtime for one or more reasons explained above. By joining the lawsuit, it is possible that you may be required to participate in the discovery process and/or trial. You may also be required to pay a portion of Defendant's costs, but not Defendant's attorney's fees, in the event of an outcome unfavorable to your claim.

---

[1] "Direct care" employee is one of the following classifications: Registered Nurses ("RN"), Certified Nursing Assistants ("CNA"), Licensed Practical Nurses ("LPN"), State Tested Nursing Assistants ("STNA"), Resident Assistant, Nurse's Aide, and Medical Technician.

Page **1** of **4**

Defendant denies Plaintiff's allegations. Defendant asserts that it has no liability for any of Plaintiff's claims, and that the case should be dismissed.

The Court has made no findings as to the merits of the Case at this time.

### III. WHAT ARE MY OPTIONS?

| Action You Can Take | Become part of the case? | Details |
|---|---|---|
| **Complete the Consent Form attached as the last page of this Notice.** | Yes | If you submit an opt-in form (included with this Notice) by [**DATE**], you become part of this case as soon as your opt-in form is filed on the docket. **If you decide you want to become part of the case, you should return your consent form as soon as possible because the statute of limitations (the time in which you have to file a claim) is running on your claims. You have the right to be represented by the lawyer(s) of your choice, including lawyers other than those who represent Plaintiff.** If the workers later receive money or other benefits in the lawsuit, you keep the possibility of being eligible for those awards under federal law. But, you give up any rights to sue Defendant separately for the same federal law claims in this lawsuit. You will be bound by any judgments or decisions in the case, and you agree that the named Plaintiff may make decisions on your behalf regarding the litigation. |
| **Do nothing.** | No | If you do nothing, you will remain out of the lawsuit. If the workers later receive money or other benefits from the federal law claims in the lawsuit, you will not be eligible for any of those. You will keep your rights to sue Defendant separately for the federal claims in this lawsuit, subject to the applicable statute of limitations. You will not be bound by any judgments or decisions in the case that deal with the federal law claims. |

Please know that it is illegal for an employer to retaliate against you for joining this Case and illegal for an employer to discourage you from joining the Case. The foregoing warnings do not imply that anyone has or will retaliate against you.

## IV. HOW DO I JOIN THIS CASE?

To join the Case, you must complete the enclosed Consent Form and return it by mail, fax, or email to Plaintiff's counsel or the third-party administrator listed at the bottom of the Consent Form. The completed Consent Form must be faxed, emailed, or postmarked no later than **[Insert 90-Day Deadline]** in order for you to join. Please note, though, that you are not a member of this Case until you return the Consent Form and the Consent Form is filed with the Court.

## V. THE ATTORNEYS INVOLVED

If you return the Consent Form, you will be represented by the following attorneys:

**BRYANT LEGAL, LLC**
Daniel I. Bryant
4400 N. High St., Suite 310
Columbus, Ohio 43214
Direct: (614) 704-0546
Fax: (614) 573-9826
Email: dbryant@bryantlegalllc.com
*www.BryantLegalLLC.com*

**BILLER & KIMBLE, LLC**
Andrew Biller
Andrew Kimble
8044 Montgomery Road, Suite 515
Cincinnati, Ohio 45236
Direct: (614) 604-8759
Fax: (614) 340-4620
Email: abiller@billerkimble.com
akimble@billerkimble.com

These lawyers are experienced in similar cases against other employers.

**The workers' attorneys will only get paid if Plaintiff and/or other workers are awarded money or benefits. They have a contingency fee agreement with Plaintiff.** The contingency fee agreement entitles the attorneys to a 1/3 contingency fee on any amount awarded, plus advanced costs. As such, if the workers are awarded money or benefits, then Plaintiff's attorneys will ask the Court to award fees and expenses to them. The fees and expenses will either be deducted from the money obtained for the workers or paid separately by Defendant.

You are entitled to be represented by Plaintiff's attorneys or by an attorney of your own choosing.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

## Email Notice

COURT-APPROVED NOTICE OF UNPAID OVERTIME WAGES LAWSUIT:

If you are or were an hourly direct care employee for Certus Healthcare as defined below, you are eligible to participate in a Lawsuit against Certus Healthcare for unpaid wages.

To participate, you must submit a Consent Form by **(Deadline)**. You may view the complete Court-approved Notice online at **(link)**.

Definition: "Direct care" employee is one of the following classifications: Registered Nurses ("RN"), Certified Nursing Assistants ("CNA"), Licensed Practical Nurses ("LPN"), State Tested Nursing Assistants ("STNA"), Resident Assistant, Nurse's Aide, and Medical Technician.

For questions, please contact the attorneys at Bryant Legal, LLC at (614) 704-0546.